UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SUFYAN HAZEM SALEH,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:16-cv-08150-RDP |
| } | (2:14-cr-00282-RDP-JHE) |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

**MEMORANDUM OPINION**

This case is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Case No. 2:16-cv-08150-RDP ("Habeas Docket"), Doc. # 1). The Government has responded to Petitioner's Motion to Vacate (*id.*, Doc. # 3), and the court sent Petitioner an order with instructions on filing a reply on April 25, 2018. (*Id.*, Doc. # 4). To date, Petitioner has not replied to the Government's response, and the Motion to Vacate is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Petitioner's Motion to Vacate is due to be denied and Petitioner is not entitled to an evidentiary hearing.

**I.      Factual and Procedural Background**

In August 2014, a grand jury indicted Petitioner on: (1) two counts of willfully filing false tax returns, in violation of 26 U.S.C. § 7206(1); (2) one count of using, acquiring, and possessing food stamps in violation of federal law, in violation of 7 U.S.C. § 2024(b)(1); and (3) one count of food stamp fraud, in violation of 7 U.S.C. § 2024(c). (Case No. 2:14-cr-00282-RDP-JHE ("Criminal Docket"), Doc. # 1). In March 2015, Petitioner's retained counsel moved to declare the case complex so that he could receive more time to review the

voluminous records at issue. (*Id.*, Doc. # 17). The court granted Petitioner's motion and set an April 6, 2015 deadline for pretrial motions. (*Id.*, Doc. # 23 at 3-4).

In April 2015, Petitioner retained a new attorney, and his two other retained attorneys moved to withdraw from representing him. (*Id.*, Docs. # 25-27). The court granted counsels' motions to withdraw. (*Id.*, Docs. # 28-29). That same month, Petitioner also moved to continue his change of plea hearing, which had been scheduled for May 5, 2015. (*Id.*, Doc. # 30). The court granted Petitioner's motion to continue the change of plea hearing. (*Id.*, Doc. # 32).

In May 2015, Petitioner entered into a plea agreement and agreed to plead guilty to one count of filing a false tax return and one count of food stamp fraud. (*Id.*, Doc. # 34 at 1-2). The agreement contained a factual basis describing occasions where law enforcement agents exchanged food stamps for cash and a small amount of eligible grocery items at a store owned by Petitioner. (*Id.* at 3-6). It also explained that Petitioner underreported his income for tax years 2009 and 2010. (*Id.* at 6-7). Petitioner stipulated to the accuracy of those facts. (*Id.* at 7). Petitioner waived his right to appeal or file a post-conviction motion, but reserved the right to raise ineffective assistance of counsel claims. (*Id.* at 10-12). Petitioner affirmed that he had discussed the Sentencing Guidelines and their application to his case with defense counsel before entering the plea agreement. (*Id.* at 11-12). Petitioner also provided the following affirmation:

> I have read and understand the provisions of this agreement consisting of **18** pages. I have discussed the case and my constitutional rights and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

(*Id.* at 16-17). Petitioner's defense counsel affirmed that he had discussed the case with Petitioner and advised him of his rights and possible defenses. (*Id.* at 17-18).

On June 8, 2015, the court conducted a change of plea hearing, and Petitioner pled guilty to the two counts specified in the plea agreement. (*Id.*, Minute Entry dated June 8, 2015). Before entering his plea, Petitioner initialed and signed an advice of rights certification stating that he understood what would occur at the change of plea hearing, he understood what substantive rights he would forego by entering a guilty plea, and he affirmed that his defense counsel had explained the matters in detail. (*Id.*, Doc. # 36). Petitioner certified that he was satisfied with his counsel's representation and that he had no complaints about counsel's performance. (*Id.* at 4). He also certified that he was entering into the plea because he was in fact guilty. (*Id.* at 5).

In June 2015, one of Petitioner's former retained attorneys entered an appearance to represent him. (*Id.*, Doc. # 38). Petitioner's other attorney then filed a motion to withdraw, which was granted. (*Id.*, Docs. # 40, 42). In August 2015, Petitioner's counsel objected to the loss amount calculated by the probation office. (*Id.*, Doc. # 46). He also objected to a two-level enhancement for deriving more than $1,000,000 in gross receipts from financial institutions. (*See id.*). The Government argued against Petitioner's loss objection, but expressed uncertainty about whether the enhancement for deriving gross receipts from financial institutions applied. (*Id.*, Doc. # 49). Before sentencing, Petitioner's counsel also submitted a sentencing memorandum that discussed his family connections, the support he provided to family and community members, and offered benign reasons for his criminal conduct. (*See id.*, Doc. # 51).

At sentencing, the court overruled an objection to the Presentence Investigation Report, and a correction to the report was made on the record. (*Id.*, Minute Entry Dated September 10,

2015). On September 11, 2015, the court imposed a 36-month imprisonment sentence for the false tax return conviction and a 37-month sentence for the food stamp fraud conviction, to be served concurrently. (*Id.*, Doc. # 55 at 1-2). Petitioner did not appeal his convictions.

On September 13, 2016, Petitioner filed the present Motion to Vacate. (Habeas Docket, Doc. # 1 at 12). First, Petitioner claims that his defense attorneys rendered ineffective assistance by failing to: (1) conduct an adequate pretrial investigation; (2) inform him of the relevant circumstances; (3) inform him of the likely consequences of pleading guilty; (4) file substantive pretrial motions; (5) interview possible trial witnesses; or (6) negotiate a more favorable plea agreement. (*Id.* at 5). Second, Petitioner claims that his defense attorneys rendered ineffective assistance during the sentencing proceedings by failing to: (1) review and discuss the Presentence Investigation Report with him prior to the sentencing hearing; (2) file substantive objections to the report; (3) argue for mitigation; or (4) object to the substantive reasonableness of the sentence. (*Id.* at 4).

**II.      Analysis**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Here, Petitioner seeks relief on the ground that he received ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a

two-prong test for adjudicating ineffective assistance of counsel claims; both prongs of the test must be met for a petitioner to succeed. *Id.* at 687. First, a petitioner must show that counsel's performance was deficient, *i.e.*, the performance was outside the range of professionally competent assistance. *Id.* The proper measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. Unless a petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he or she cannot show that counsel's performance was constitutionally deficient. *Id.* at 689. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *see also Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (*en banc*) (stating that "perfection is not the standard of effective assistance").

Second, a petitioner must establish prejudice. That is, he must show there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (*en banc*). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A petitioner alleging prejudice resulting from his acceptance of a guilty plea must demonstrate a reasonable probability that he would have gone to trial rather than enter the plea, but for counsel's errors. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). And, the petitioner's decision to reject the plea would have to be "rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Because Petitioner must meet both parts of the *Strickland* test, the court need not address the performance

prong if he cannot meet the prejudice prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

A habeas petitioner is not entitled to an evidentiary hearing if "his claims are merely 'conclusory allegations unsupported by specifics[.]'" *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*en banc*) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Generally, a petitioner must support his habeas claims "with at least a proffer of some credible supporting evidence." *United States v. Marsh*, 548 F. Supp. 2d 1295, 1301 (N.D. Fla. 2008). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quoting United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)).

Here, Petitioner's ineffective assistance claims fail because he merely has presented conclusory allegations of his attorneys' alleged ineffective actions. Petitioner fails to identify specific deficiencies in his attorneys' investigations or communications. Petitioner has not specified what arguments his attorneys should have raised in pretrial motions, which witnesses they should have interviewed, or what grounds of mitigation should have been presented.[1] Moreover, Petitioner has not even identified which of his three retained defense attorneys was responsible for each alleged performance deficiency. In short, Petitioner has offered nothing other than bald assertions that counsel was ineffective, and, thus, his ineffective assistance claims are due to be denied without an evidentiary hearing. *Wilson*, 962 F.2d at 998; *Stano*, 901 F.2d at 899.

---

[1] Indeed, some of Petitioner's claims are categorically refuted by the record. Petitioner's defense attorneys informed him of the consequences he would face and the rights he would forego by entering a guilty plea, filed substantive objections to the Presentence Investigation Report, and argued for mitigation in a sentencing memorandum. (Criminal Docket, Docs. # 36, 46, 51).

### III. Conclusion

For the reasons explained above, Petitioner's Motion to Vacate (Habeas Docket, Doc. # 1) is due to be denied without an evidentiary hearing. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 4, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**R. DAVID PROCTOR**
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE